CREIGHTON LEITER, d/b/a Creighton Leiter Realty Co., Plaintiff-Appellant, *v.* FLEETWOOD REALTY CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-1462

Opinion filed March 30, 1981.

Harry John Devereux, of Chicago, for appellant.

Robert L. Fogel, of Baskin, Server & Berke, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, a real estate broker, brought an action against defendants, a realty corporation and two of its employees for tortious interference with a contract between plaintiff and a nonparty to this suit. Defendants made a motion for summary judgment. At the hearing on the motion, the trial judge found that the subject contract was a listing contract and therefore void as a matter of law for failure to include an automatic expiration date

as required by the statute governing listing contracts. The motion was granted. Plaintiff appeals.

Plaintiff argues on appeal that the trial court erred in finding that the subject contract was a listing contract and void as a matter of law for failure to include an automatic expiration date.

We reverse and remand.

Plaintiff is a real estate broker doing business as Creighton Leiter Realty Company (Leiter). Defendant Fleetwood Realty Corporation (Fleetwood) was the managing agent of the LaSalle Hotel. Defendants Albert Rubenstein and Sol Krause, respectively, were an officer-employee and an employee-agent of Fleetwood. Florian Dziewiontka operated a barber shop in the hotel. His lease, which expired on December 31, 1976, conflicted with the planned demolition of the hotel.

In July 1976, Rubenstein suggested that Leiter contact the barber to negotiate, on behalf of the barber, the termination of his lease. Leiter and the barber entered into the following agreement:

### "EXCLUSIVE LISTING FOR TERMINATION OF LEASE

In consideration of your agreement to endeavor to terminate any tenancy of the barber shop in the LaSalle Hotel, Chicago, Illinois and receive $21,200.00 for doing so, or for any reduced amount to which I shall consent to, I hereby appoint you as my sole and exclusive agent.

I agree that when the above transaction is completed whether by you or by myself or by any other person, I shall and will pay to you a commission of twenty five percent of the amount I shall receive."

Leiter instituted negotiations on the lease by delivering an offer signed by the barber to Fleetwood. In August 1976, the barber met with Krause and Rubenstein and was advised by them not to use Leiter for negotiations, and that if he did he would receive nothing. In September 1976, the barber terminated his lease for $7,550, having been threatened with receiving nothing if he did not accept said amount.

On June 14, 1978, Leiter filed suit against Fleetwood, Rubenstein and Krause for tortious interference with his contract seeking damages in the amount of $5,300. Defendants made a motion for summary judgment on February 8, 1980. The motion was granted. The court found that the listing contract between Leiter and the barber was void as a matter of law pursuant to section 19 of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1979, ch. 111, par. 5737), which provides that:

"No registrant [broker] shall obtain any written listing contract which does not provide for automatic expiration within a definite

period of time. No notice of termination at the final expiration thereof shall be required. Any listing contract not containing a provision for automatic expiration shall be void."

Leiter contends that the contract involved in this case is not a listing contract and that the statute requiring an automatic termination provision therefore is inapplicable. Defendants, on the other hand, argue that the subject agreement is a listing contract and that since the contract did not include a termination provision, section 19 is applicable. The trial court agreed with defendants' characterization of the contract and found that since it lacked an essential term, the contract was void as a matter of law and therefore, there could be no litigable interference with the contract.

■■ The term "listing contract" is not specifically defined in the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1979, ch. 111, par. 5701 *et seq.*). Leiter suggests, and we agree, that a listing contract essentially is an agreement between a real estate broker and an owner of property in which the owner places his property with a broker who, in turn and in prospect for a commission, agrees to attempt to find a buyer or tenant for the owner.

■■ It is our opinion that the contract involved in the case at bar is not a listing contract. The parties to a listing contract are a property owner seeking to sell or lease his property and a broker who places the owner's property on his, the broker's, inventory or list of homes for showing to the public. The parties who contract to negotiate the termination of a lease, on the other hand, are a lessee and a broker seeking to negotiate a termination of a lease with the lessor. Recognizing this fundamental difference in the nature of a listing contract and a contract to negotiate the termination of a lease, we find that the trial court erred in declaring void the contract involved in this case.

In addition, we note that it is unclear that Leiter was in fact acting in the capacity of a broker in contracting with the barber to negotiate the termination of his lease. Section 4.02 of the Real Estate Brokers and Salesmen License Act defines a broker as:

"* * * any person, association, co-partnership or corporation, who for compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiates the purchase or sale or exchange of real estate, or who leases, or offers to lease, or rents or offers for rent, any real estate, or negotiates leases thereof, or of the improvements thereon for another or others, or who performs any of the foregoing acts for his own account while engaged in the business of buying or selling real estate." (Ill. Rev. Stat. 1979, ch. 111, par. 5706.)

Although one who negotiates leases of real estate clearly is acting as a broker, a literal interpretation of the statutory language would necessitate

a finding that Leiter, in negotiating the termination of a lease, was not acting as a broker.

■■ Defendants claim that Leiter is now seeking to avoid the legal effect of its self-titled "Exclusive Listing for Termination of Lease." To hold that the contract is a listing contract simply because the word "listing" is used in the title would be exalting form over substance.

■■ It is a well-established principle of contract law that intent should not be determined by reference to particular words or isolated phrases. (*LaThrop v. Bell Federal Savings & Loan Association* (1977), 68 Ill. 2d 375, 381, 370 N.E.2d 188; *Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 283, 154 N.E.2d 683; *Arthur Rubloff & Co. v. Comco Corp.* (1978), 63 Ill. App. 3d 362, 368, 380 N.E.2d 15.) Although it would not be unreasonable to assume that a contract entitled "Exclusive Listing for Termination of Lease" is a listing contract, when more than a cursory analysis of the contract is done, it becomes clear that this title does not accurately describe the contents of the agreement.

For the foregoing reasons, we reverse the order of the circuit court of Cook County and remand the case for a full trial on the merits.

Order reversed; cause remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.